IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>JOSEPH CRAIG RABON,<br><br>       Defendant. | DOCKET NO. 3:18 CR 360 |

**MOTION TO REQUIRE DISMISSAL OF COUNT ONE OR TWO
PURSUANT TO FED. R. CR. P. 12(b)(3)(B)(ii)**

Joseph Rabon, by and through his counsel of record, Assistant Federal Public Defender Peter Adolf, respectfully requests, pursuant to Fed. R. Cr. P. 12(b)(3)(B)(ii), that this Court order the government to choose one of the first two counts of the bill of indictment in this case in which to proceed, and to dismiss the other, on the ground that counts one and two are multiplicitous, charging a single violation of law as two counts, thereby subjecting Mr. Rabon to double jeopardy.

Counts one and two each charge a violation of the same subsection of the same statute (18 U.S.C. § 2252A(a)) on the same date – August 3, 2016. The two clauses of § 2252A(a) underlying the two counts invoke a single punishment clause: the first sentence of 18 U.S.C. § 2252A(b)(1)). Count one invokes the provision that punishes –

> [a]ny person who – knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography,

§ 2252A(a)(1), while count two invokes the clause immediately following it, which punishes

> [a]ny person who – knowingly receives or distributes – any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer….

§ 2252A(a)(2).

Each count includes alternate theories of liability for the different elements of the offense. Different possible elements are listed in the indictment in the conjunctive (i.e. "and") although the government need prove only one such theory to satisfy each element. *See United States v. Vann,* 660 F.3d 771, 774 (4th Cir. 2011) (en banc) ("a charging document must allege conjunctively the disjunctive components of an underlying statute"); *Omari v. Gonzales*, 419 F.3d 303, 308 n. 10 (5th Cir. 2005) ("[i]ndictments often allege conjunctively elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty") (*quoted in Vann,* 660 F.3d at 774).

Count one charges that on August 3, 2016 Mr. Rabon knowingly either transported, aided or abetted the transportation, shipped, or aided in the shipping of "any child pornography," using either a means or a facility of interstate commerce, or in or affecting interstate commerce. That makes five ways the government can prove the first element and four ways it can prove the third element, for a total of twenty different possible combinations. Count two charges that Mr. Rabon knowingly received "any child pornography" that had either been shipped or transported in interstate commerce "by any

means," or for which the shipping or transportation affected interstate commerce "by any means," or had been shipped or transported using "any means" or any facility of interstate commerce, for a total of eight possible combinations. Moreover, although the indictment says only "received" regarding the first element, the statute includes "or distributes" as an alternative. Thus, the two counts can be proven using, respectively, twenty and sixteen different combinations of the elements found in § 2252A(a).

Multiplicity is "the charging of a single offense in several counts." *United States v. Allen*, 13 F.3d 105, 107 (4th Cir. 1993) (quoting 1 Charles A. Wright, *Federal Practice and Procedure* § 142, at 469 (2d ed. 1982); LaFave & Israel, *Criminal Procedure* § 19.2(e), at 457; *United States v. Segall,* 833 F.2d 144, 146 (9th Cir.1987)). "The danger of multiplicity is that it may lead to multiple sentences for a single offense, and it may prejudice the jury by creating the impression that the defendant has committed several offenses where there may have been only one." *United States v. Jameson*, 972 F.2d 343, 1992 WL 180146, *9 (4th Cir. 1992) (unpublished) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).

In Mr. Rabon's case, both counts charge a violation of the same statute giving rise to the same punishment – under § 2252A(a) & (b)(1) – and each count includes alternative clauses of subsection (a) as alternate ways of proving the violation. "When the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). The "first task is therefore to determine . . . what Congress intended to serve as the unit of prosecution under th[e] provision" by looking to the text and, if necessary, the legislative history and statutory scheme. *United States v. Elliott*, 849 F.2d

886, 889 (4th Cir. 1988).  "If congressional intent concerning the unit of prosecution cannot be ascertained from these sources, we are obligated, as a matter of statutory construction, to resolve doubts in favor of lenity for the accused."  *Id.*

> This lenity does not arise from any sympathy for the defendant who has committed a crime; it merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses.

*United States v. Dunford,* 148 F.3d 385, 390 (4th Cir. 1998) (quoting *Bell v. United States,* 349 U.S. 81, 83 (1955) (quotation marks omitted)).

In the case of § 2252(a), Congress' repeated use of the phrase "any child pornography" demonstrates at the very least that Congress intended conduct involving multiple images of child pornography to be punished as a single offense.  "Any" means "one, some, or all indiscriminately of whatever quantity."[1]  Indeed, specifically regarding § 2252A, the Fifth Circuit limited the prosecution unit for possessing "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography" to a single violation per storage medium.  *See United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007).  Moreover, "[t]he word 'any,'... has 'typically been found ambiguous in connection with the allowable unit of prosecution,' for it contemplates the plural." *United States v. Polouizzi*, 564 F.3d 142, 155 (2d Cir. 2009).  The rule of lenity laid out by the Fourth Circuit in *Elliot* and *Dunford* therefore applies.

Resort to the rule of lenity is not even necessary regarding § 2252A, however, since Congress spoke with unusual clarity regarding its penalty provision.  § 2252A(b)(1) puts all

---

[1] Merriam-Webster, available at <https://www.merriam-webster.com/dictionary/any?utm_campaign= sd&utm_medium=serp&utm_source=jsonld> (last accessed May 13, 2019).

violations of subsections (a)(1) and (a)(2), along with related inchoate offenses and other subsections, into a single clause mandating a single punishment. Congress wrote:

> Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years....

18 U.S.C. § 2252(b)(1). This clause makes clear that anyone who violates the listed paragraphs in a single "unit of prosecution" commits a single offense meriting a single punishment, and cannot be charged in multiple counts. Just as the government could not charge Mr. Rabon with separate counts for transporting child pornography (1) using any means of interstate commerce and (2) affecting interstate commerce, or (1) affecting interstate commerce and (2) affecting foreign commerce, or some other combination of clauses of the same statutory subsection, nor can it charge multiple counts for "receiving" and "transporting" the same child pornography on the same date.

There can be no dispute that someone who "knowingly mails [and] transports [and] ships" "any child pornography" using both a "means [and] facility of interstate [and] foreign commerce" and does so "in" and "affecting interstate [and] foreign commerce," § 2252A(a)(1), commits a single violation of § 2252A, not dozens of violations. The government cannot charge multiple counts by mixing and matching alternative elements. Similarly, someone who "knowingly receives [and] distributes any child pornography" using a "means [and] facility of interstate [and] foreign commerce" and does so "in" and "affecting interstate [and] foreign commerce," § 2252A(a)(2), commits a single violation of § 2252A and could not incur multiple counts regarding the same unit of prosecution. As a result, someone who violates § 2252A(a) & (b)(1) by "transport[ing]" and "receiv[ing]" the same unit of child pornography on the same date cannot be charged in multiple counts.

The multiplicity problem here is evident when contrasted with 18 U.S.C. § 922(g). The U.S. Solicitor General's Office conceded that an illegal alien with a felony conviction in possession of one firearm could not be prosecuted under two different subsections of § 922(g), as the subdivisions did not comprise separate crimes. *United States v. Munoz-Romo*, 989 F.2d 747, 758 (5th Cir. 1993). In so conceding, the government relied on the different subdivisions being "found in a single subsection of a statute that prescribes a single penalty for all of those subdivisions", which indicated that Congress was prohibiting the possession of firearms rather than "punishing persons solely for having a certain status under the law." This text and structure was reinforced by the absurd results that would stem from a contrary construction, such as a convicted felon who is also a fugitive from justice, a drug addict, a mental defective, and an illegal alien being sentenced to five consecutive terms of imprisonment for the same incident. *Id.* The Fifth Circuit ultimately agreed that "by rooting all the offenses in a single legislative enactment and including all the offenses in subsections of the same statute, [Congress] signaled that it did not intend multiple punishments for" a single possession. *Id.* at 750 (quotations omitted). And it vacated one of the defendant's convictions on double jeopardy grounds. *Id.* at 760. *See also United States v. Shea*, 211 F.3d, 672-73 (1st Cir. 2000) (although separate convictions of § 922(g) for the same firearm based on defendant being a felon and a drug user would not be prohibited under the *Blockburger* test, multiple punishments were not intended as a matter of statutory construction). § 2252A(a)'s transportation and receipt subdivisions share the same text and structural characteristics as § 922(g) and should similarly be viewed as a single crime.

Because counts one and two charge "the same offense in more than one count," Fed. R. Cr. P. 12(b)(3)(B)(ii) – each charging a violation of § 2252A(a) & (b)(1) on the same date

involving the same material – this Court should order the government to elect a count on which to proceed and dismiss the other.

Respectfully submitted:

 s/ Peter Adolf
Peter Adolf
Trial Team Leader
Assistant Federal Public Defender
North Carolina Bar No. 37157
Attorney for Joseph Rabon
Federal Public Defender, Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone), (704) 374-0722 (fax)
Peter_Adolf@fd.org

DATE: May 14, 2019