IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:18-CR-360-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JOSEPH CRAIG RABON, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's "Motion to Require Dismissal of Count One or Two Pursuant to Fed. R. Cr. P. 12(b)(3)(B)(ii)," Doc. 18, filed May 14, 2019 and the Government's "Response to Defense Motion to Dismiss," Doc. 20, filed May 21, 2019.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be **denied** as discussed below.

### I. FACTUAL BACKGROUND

Defendant Joseph Craig Rabon was indicted on November 13, 2018 on one Count of Transportation of Child Pornography in violation of 18 USC 2252A(a)(1); one Count of Receipt of Child Pornography in violation of 18 USC 2252A(a)(2)(B); and one Count of Possession of Child Pornography in violation of 18 USC 2252(a)(5)(B). The case began when an FBI covert employee downloaded three files containing child pornography from an IP address registered to Defendant's home address. Among the files recovered from Defendant's cell phone were twenty-four unique image files of child pornography and ten child pornography videos. Defendant

admitted using file sharing software for a year to download child pornography. He denied sharing the child pornography files that he downloaded.

## II. ANALYSIS

Multiplicity is "the charging of a single offense in several counts." United States v. Allen, 13 F.3d 105, 107 (4th Cir. 1993) (quoting 1 Charles A. Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982); LaFave & Israel, Criminal Procedure § 19.2(e), at 457; United States v. Segall, 833 F.2d 144, 146 (9th Cir.1987)). Defendant argues that counts one and two each charge a violation of the same subsection of the same statute, 18 U.S.C. § 2252A(a), on the same date and therefore the Court should order the Government to elect a count on which to proceed and dismiss the other one.

Defendant cites to a Fifth Circuit case, United States v. Planck, 493 F.3d. 501, his reading of the relevant statute, and his application of the rule of lenity for the proposition that the allowable unit of prosecution in a child pornography case is each distinct storage medium. Since there was only a single cell phone that contained child pornography here, Defendant argues that the Government cannot charge multiple counts for "receiving" and "transporting" the same child pornography on the same date. The Court disagrees.

In United States v. Schnittker, 807 F.3d. 77 (4th Cir. 2015), the Court found that separate images and files may support separate counts. Id. at 83. In Schnittker, the Court found that "the federal courts of appeals have relied on various manifestations of distinct conduct to determine that separate counts were not the same in fact." Id. The Court went on to cite a litany of cases that support this view. Among the cases cited are United States v. Teague, 722 F.3d 1187, 1191 (9th Cir. 2013) (separate CDs and hard drives may support separate conduct); United States v. Benoit,

713 F.3d 1, 16–17 (10th Cir. 2013) (separate images may support separate conduct); United States v. Halliday, 672 F.3d 462, 470–71 (7th Cir. 2012) (separate videos or dates may support separate conduct); and United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009), cert. denied, 560 U.S. 928, 130 S.Ct. 3322, 176 L.Ed.2d 1225 (2010) (separate images or dates may support separate conduct). The Court specifically noted that in United States v. Polouizza, 564 F.3d. 142 (2d Cir. 2009), the Second Circuit concluded that a defendant may be convicted of both possession and receipt with "no double jeopardy violation exist[ing] so long as 'the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction.'" Id. at 149. The Fourth Circuit reasoned "this is a sensible tack, because different images or videos display different human beings or different sexual activities. The images are thus in a genuine sense distinct. Distinctiveness is in fact all the more likely in cases such as this where the child pornography collection is truly massive." Schnittker, 807 F.3d. at 83. The Court went on to state that the evidence in Schnittker made clear that the Government was relying on four videos as the basis of the receipt charge while any of the other images could support the possession charge, provided separate videos or images supported each charge. In sum, multiplicity is not present where separate conduct underlies the separate offenses. Id.; see also United States. v. Dudeck, 657 F.3d. 424, 430 (6th Cir. 2011). In the Fourth Circuit, separate images and files are deemed to be distinct conduct.

In United States v. Little, 864 F.3d. 1283 (11th Cir. 2017), the Eleventh Circuit noted the differences present in the transportation statute and stated that:

> the transportation offense and the possession offense each required proof of a fact that the other did not. To convict Little of the transportation offense, the government was required to prove that he "knowingly transport [ed] or ship[ped]" the pornography "using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails." 18 U.S.C. § 2252(a)(1). To convict Little of the possession offense, the

> government was required to prove that the child pornography, by the time Little possessed it, "ha[d] been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer." 18 U.S.C. § 2252(a)(4)(B). While the transportation offense required the government to prove that Little used a means or facility of interstate commerce to satisfy the transportation element of the crime, the possession offense required the government to prove that Little possessed pornography that had already been transported using a means or facility of interstate commerce. Because each offense required the government to prove a fact that the other did not, the Double Jeopardy Clause was not violated.

Id. at 1283, n. 1; see also, United States v. Woerner, 709 F.3d. 527, 538-539 (5th Cir. 2013) (noting that it is possible to possess child pornography without distributing it, and to distribute child pornography without possessing it; and rejecting argument that a multiplicity issue arises since one can be done without necessarily doing the other). Likewise, the requirements for transporting child pornography are separate and distinct from the requirements for receiving child pornography.

Defendant alleges that since both the transportation and receipt counts of the Indictment allege August 3, 2016 as the relevant date, both counts are based on a single instance of conduct. The Fourth Circuit has held that "where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required" provided that the defendant is on notice of the crimes he is charged with. United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir.1994).

The Government avers that full discovery has been provided to defense counsel and the images recovered from Defendant's phone are available for inspection. The total number of images and videos, as well as the specific files downloaded by Defendant and identified by the FBI make clear that both the receipt and transportation counts may be proven with evidence that does not rely on the same conduct. The Court concludes that the transportation and receipt counts may be

proven based upon different files. Since the Fourth Circuit has recognized that different files constitute distinct conduct, the undersigned finds that there is no issue with multiplicity here.

## III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's Motion to Dismiss be **denied**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: June 3, 2019

David S. Cayer
United States Magistrate Judge