IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00360-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH CRAIG RABON | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 18), the Government's Response (Doc. No. 20), the Magistrate Judge's Memorandum and Recommendation (Doc. No. 22), and Defendant's Objections ("Objections") (Doc. No. 23). For the reasons stated below, the Court adopts the Magistrate Judge's Memorandum and Recommendation, and therefore, **DENIES** Defendant's Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David S. Cayer was designated to consider and recommend disposition of Defendant's Motion to Dismiss. Magistrate Judge Cayer issued a Memorandum and Recommendation on June 3, 2019, recommending that Defendant's Motion be denied. (Doc. No. 22 at 8). On June 17, 2019, Defendant filed objections challenging the Memorandum and Recommendation determinations that: (1) Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1) and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A (a)(2)(B) are two separate offenses and (2) different files constitute distinct conduct, such that files found on one storage device may support both aforementioned charges even though the conduct is alleged to have occurred on the same day. (Doc. No. 23 at 9).

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 53(a). A district judge may also refer any matter that may dispose of a charge or defense, such as a motion to dismiss an indictment. Fed. R. Crim. P. 53(b)(1). When a party objects to a magistrate judge's recommendation for a dispositive matter, a district court must consider the objection de novo. Fed. R. Crim. P. 53(b)(3).

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Accordingly, the Court has conducted a de novo review of the dispositive ruling on the Motion to Dismiss and of those portions of the magistrate judge's decision specifically objected to by Defendant.

Upon consideration of the briefing submitted by the parties, the Court finds, for the reasons stated in the Memorandum and Recommendation, that because Transportation and Receipt are two distinct offenses, and different files constitute distinct conduct, Defendant's Double Jeopardy challenge fails.

Defendant asserts that the Transportation and Receipt charges are the same offense based on a plain reading of 18 U.S.C. § 2252A(a) and a Fifth Circuit case, United States v. Planck, 493

2

F.3d 501 (5th Cir. 2007). Defendant contends that, because the same statutory violation is charged twice, the relevant inquiry becomes whether Congress intended the facts underlying each count to make up a separate unit of prosecution. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). Next, applying a plain reading of the statute and the rule of lenity, Defendant concludes that the appropriate unit of prosecution should be the storage medium. "At the very least[,] Congress intended conduct involving multiple images of child pornography to be punished as a single offense." (Doc. No. 23 at 4). Therefore, Defendant argues, because all incriminating files were found on a single storage device, the Government can only use the recovered material to support a single charge.

The Double Jeopardy Clause protects a person from being "subject for the same offence [sic] to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause prohibits 'multiplicity,' in that it protects a person from receiving "multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984). "This prohibition attaches if the subject offenses 'are in law and in fact the same offense.'" United States v. Schnittker, 807 F.3d 77, 81 (4th Cir. 2015) (internal citations omitted).

The Eleventh Circuit clarified that Possession and Transportation of Child Pornography are two separate offenses because they "each required proof of a fact that the other did not." United States v. Little, 864 F.3d 1283, 1288 n.1 (11th Cir. 2017).[1] "While the transportation offense required the government to prove that [the defendant] used a means or facility of interstate commerce . . . the possession offense required the government to prove that [the defendant] possessed pornography that had already been transported using a means or facility of interstate commerce." Id. Similarly in the case at bar, in order to prove Transportation, the

---

[1] Similarly, the First, Fifth, and Seventh Circuits have held that Possession is not a lesser-included offense of Distribution. See United States v. Chiaradio, 684 F.3d 265, 280 (1st Cir. 2012); United States v. Woerner, 709 F.3d 527, 538 (5th Cir. 2013); United States v. Faulds, 612 F.3d 566, 569-71 (7th Cir. 2010).

3

Government must show, in relevant part, that Defendant knowingly transported and shipped any child pornography using any means of interstate and foreign commerce. (Doc. No. 3 at 1). See also 18 U.S.C. § 2252A(a)(1). In order to prove Receipt, the Government must show, in relevant part, that Defendant knowingly received any child pornography that has been shipped and transported in and affecting interstate and foreign commerce. (Doc. No. 3 at 1). See also 18 U.S.C. § 2252A(a)(2). These two charges are distinguishable. First, transport and receipt are two distinct types of conduct. Second, as the Court in Little pointed out, the Government must show that Defendant himself used a means of interstate commerce in order to do the former, while the Government must show that the child pornography that Defendant received had already been exposed to interstate commerce in the latter. Thus, Defendant's first assignment of error is unconvincing.

Defendant's second assignment of error fails by order of operation of this Circuit's clear precedent established in Schnittker. In Schnittker, the Court concluded that separate, unique images may support charges of Possession and Receipt of child pornography, provided that "the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction." Schnittker, 807 F.3d at 83 (quoting United States v. Polouizzi, 564 F.3d 142, 159 (2d. Cir. 2009). Furthermore, the Schnittker Court emphasized the distinct image, not the storage medium, as the factor allowing multiple charges for multiple images. Id. at 79, 83 ("[D]ifferent images or videos display different human beings or different sexual activities. The images are thus in a genuine sense distinct."). Here, the Court finds that different images on the same storage medium can support separate charges of Transportation and Receipt.

**IT IS, THEREFORE, ORDERED**, that Defendant's Motion to Dismiss (Doc. No. 18) is **DENIED**.

The Clerk is directed to certify copies of this order to Defendant, counsel for Defendant, and the United States Attorney.

Signed: June 30, 2019

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge